UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| WINSTON NAJEE REED, | Case No. 3:22-cv-00422-MMD-CLB |
|---|---|
| Plaintiff | ORDER |
| v. | |
| CALVIN JOHNSON, *et al.*, | |
| Defendants | |

**I.   DISCUSSION**

On September 22, 2022, this Court denied without prejudice Plaintiff's application to proceed *in forma pauperis*, explaining that his application was incomplete because (1) he had not submitted a financial certificate or an inmate account statement for the previous six-month period, and (2) he had completed a form application used in Nevada state court rather than this Court's approved form for applications to proceed *in forma pauperis* by inmates. (ECF No. 3 at 1-2). The Court gave Plaintiff until November 21, 2022, to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee. (*Id.*)

On October 19, 2022, Plaintiff filed a "Motion of Clarification." (ECF No. 4). Although he does not describe the relief he seeks, Plaintiff claims that Ely State Prison has "denied [him] access to the law library," and that he is "being refused" an inmate account statement for the previous six-month period. (*Id.* at 2). Plaintiff also attaches several emergency grievances and kites, none of which concern his attempts to obtain an inmate account statement. (*Id.* at 6-30).

The Court construes Plaintiff's motion as a request to consider his application to proceed *in forma pauperis* complete based on the documents he has already submitted. This request is denied. As an initial matter, Plaintiff has yet to submit the first three pages of the application to proceed *in forma pauperis* on this Court's approved form. Nor has he submitted a financial certificate signed by both him and a prison official. Notably, Plaintiff

does not claim that prison officials have interfered with his ability to prepare and submit these two documents.

Moreover, Plaintiff provides no details about prison officials' alleged refusal to give him a completed inmate account statement. If Plaintiff continues to have difficulty obtaining this document, he must file a declaration detailing when he requested the document, who he spoke to about the status of the document, who he followed up with after he did not receive the document, and their responses. Plaintiff's declaration shall include dates of his requests, dates of his follow-up requests, names of the prison officials he spoke to about the matter, and their responses. If Plaintiff's declaration demonstrates that he has done all that was possible to acquire the document from prison officials, the Court will consider his application to proceed *in forma pauperis* complete.[1]

**II.     CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's "Motion of Clarification" (ECF No. 4) is denied.

IT IS FURTHER ORDERED that, on or before **November 21, 2022,** Plaintiff must either:

(1) file a fully complete application to proceed *in forma pauperis* with all three required documents; OR

(2) submit the first three pages of the application to proceed *in forma pauperis* on this Court's approved form, a properly signed financial certificate, and a declaration detailing the efforts he took to acquire an inmate account statement from prison officials; OR

(3) pay the full filing fee of $402.

///

///

---

[1] Plaintiff must still submit (1) the first three pages of the application to proceed *in forma pauperis* on this Court's approved form, and (2) a financial certificate signed by both him and a prison official. If Plaintiff does not submit these two documents with the declaration, this case will be subject to dismissal without prejudice for Plaintiff to open a new case when he is able to acquire the required documents.

IT IS FURTHER ORDERED that this action will be subject to dismissal <u>without prejudice</u> if Plaintiff fails to timely comply with this order.

DATED THIS 20th day of October 2022.

_____
UNITED STATES MAGISTRATE JUDGE