UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| WINSTON NAJEE REED, | Case No. 3:22-cv-00422-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CALVIN JOHNSON, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Winston Najee Reed brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. (ECF No. 1-1.) On October 20, 2022, the Court ordered Reed to file a complete application to proceed *in forma pauperis* ("IFP application") or pay the $402 filing fee on or before November 21, 2022. (ECF No. 5.) The Court also noted that, if Reed was unable to obtain an inmate account statement, the Court would not consider his IFP application complete unless he submitted (1) the first three pages of his IFP application on the Court's approved form, (2) a properly signed financial certificate, and (3) a declaration detailing the efforts he took to acquire an inmate account statement from prison officials. (*Id.* at 2.) The Court warned Reed that this action would be subject to dismissal if he failed to comply with the Court's order. (*Id.* at 3.) The November 21, 2022 deadline expired, and Reed did not file a complete IFP application, pay the $402 filing fee, or otherwise respond.

**II.   DISCUSSION**

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Reed's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a

case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Reed either files a complete IFP application or pays the $402 filing fee for a civil action, the only alternative is to enter another order setting a new deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Reed needs additional time or evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

### III. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Reed's failure to file a complete IFP application or pay the $402 filing fee in compliance with the Court's October 20, 2022 order.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Reed wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 29th Day of November 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE